IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LEWIS E. BECERRA,**

   Petitioner,

v.                                                                    Case No. 1:10-cv-720 RB/DJS

**ATTORNEY GENERAL OF THE STATE**
**OF NEW MEXICO,**

   Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

By *Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, and Immigration Habeas Corpus Proceedings* [Doc. 3], filed August 2, 2010, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case. For the reasons stated below, the Court recommends Petitioner's *Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody* [Doc. 1], filed July 30, 2010 ("Petition"), be **dismissed without prejudice**.

### BACKGROUND

Petitioner Lewis Becerra challenges a July 2000 New Mexico state court conviction for, among other things, criminal sexual penetration of a minor and bribery or intimidation of a witness.[2]

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

[2] For reasons that are not clear, the state court proceedings for the underlying conviction bear two case numbers: D-202-CR-9803846 and D-202-CR-200000672. Upon examination of the record, the Court understands these cases to represent only a single conviction under attack. Both apparently arise from the same incident of

[Doc. 1 at 2; Doc. 1-1 at 30, 35.]  His claims generally consist of ineffective assistance of counsel. [Doc. 1-1 at 1–6.]  Becerra states he is "not in prison" [Doc. 1 at 1], and the relief he requests is "a court hearing to vacate or correct a conviction."  [Id. at 6.]

## DISCUSSION

"Section 2254 of Title 28, United States Code, makes it clear that the power of the federal courts to grant habeas relief is available only to persons who are 'in custody'."  *Gonzales v. Stover*, 575 F.2d 827, 827 (10th Cir. 1978) (citation omitted).  The "in custody" requirement is jurisdictional.  *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009).  The requirement is satisfied if, at the time the petition is filed, the petitioner is incarcerated, serving a term of parole under an unexpired sentence, or if he is under a sentence that is stayed or suspended.  *Mays*, 580 F.3d at 1139.

In this case, Becerra states he was "not in prison" when he filed his Petition.  Furthermore, documents attached to Respondent's answer indicate Becerra was released from parole on October 14, 2003, and his suspended sentence was discharged on January 6, 2007.  [Doc. 8-1 at 25, 26.]  It thus appears Becerra was not "in custody" for purposes of habeas jurisdiction when he filed the Petition on July 30, 2010, and he therefore does not meet the jurisdictional prerequisite for habeas relief.

## CONCLUSION

The Court concludes jurisdiction is lacking because Becerra did not meet the "in custody" requirement at the time he filed his Petition.  The Court accordingly recommends the *Application*

---

criminal conduct committed in 1998 against the same victim.

*for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody* [Doc. 1], filed July 30, 2010, be **dismissed without prejudice.**

_____
**DON J. SVET**
**United States Magistrate Judge**